IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRYANT B. CHAMBERS, #24020848, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:25-cv-1845-E-BN |
| DALLAS COUNTY COMMISSIONERS COURT, ET AL., | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Bryant B. Chambers, while incarcerated in Dallas County Jail, submitted a *pro se* civil rights complaint. *See* Dkt. No. 3. United States District Judge Ada Brown referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Chambers leave to proceed *in forma pauperis* under the Prison Litigation Reform Act ("PLRA"). *See* Dkt. No. 5. And, after screening the claims, as detailed below, the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit.

**Legal Standards**

Under the PLRA, where prisoners (whether incarcerated or detained pending trial) seek relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which

relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Because this language tracks the language of Federal Rule of Civil Procedure 12(b)(6), the Court should apply the pleading standards as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Under these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, but it does require "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v.*

*Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal for failing to state a claim upon which relief may be granted under Section 1915A(b)(1), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## Analysis

Chambers brings claims relating to his prosecution and conviction against the Dallas County Commissioners Court as the "governing body of Dallas County Texas," the Dallas County District Attorney's Office, Dallas County District Attorney John

Cruezot, Assistant District Attorney Abby Parmally, and Dallas County Judge Ernest White. *See* Dkt. No. 3 at 3.

I.   Claims against non-jural entities should be dismissed.

The Dallas County District Attorney's Office is not a jural entity subject to suit. *See Darby v. City of Pasadena*, 939 F.2d 311, 313-14 (5th Cir. 1991) (servient agency or department cannot be sued unless it "enjoy[s] a separate legal existence" because "true political entity has taken explicit steps to grant the servient agency with jural authority"); *Roberts v. Dallas DA's Office*, No. 3:22-cv-2822-K-BH, 2023 WL 1805918, at *3 (N.D. Tex. Jan. 23, 2023), *rec. accepted*, 2023 WL 1805856 (N.D. Tex. Feb. 7, 2023) (finding that the Dallas County District Attorney's Office did not have a separate legal existence for purposes of suit); *Dixson v. Dallas County Sheriff's Office*, No. 13-CV-4198-M, 2013 WL 6188225, *1 (N.D. Tex. Nov. 26, 2013) (same); *Blaney v. Meyers*, No. 3:08-CV-1869-P, 2009 WL 400092 (N.D. Tex. Feb. 17, 2009) (same).

So the claims against the Dallas County District Attorney's Office should be dismissed.

Ordinarily, a pro se plaintiff who names a non-jural entity as defendant should be alerted and given an opportunity to amend before dismissal of the complaint. *See Parker v. Fort Worth Police Dept.*, 980 F 2d 1023, 1026 (5th Cir.1993). But in this case, Chambers has also named John Cruezot (the Dallas County District Attorney) and Abby Parmally (the assistant district attorney who prosecuted his case) as defendants.

Similarly, Chambers has not established that the Dallas County

Commissioners Court is a jural entity with a separate legal existence from Dallas County. *See, e.g., Daniel v. Dallas Cnty. Com'rs Ct.*, No. 3:01-cv-72-P, 2001 WL 167923, at *1 (N.D. Tex. Jan. 19, 2001). But, even if it were, there are no factual allegations in the complaint relating to the Commissioners Court itself. Instead, it is purportedly sued solely as the "governing body of Dallas County Texas." Dkt. No. 3 at 3. And, "[u]nder § 1983, officials are not vicariously liable for the conduct of those under their supervision. Supervisory officials are accountable for their own acts of deliberate indifference and for implementing unconstitutional policies that causally result in injury to the plaintiff." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (per curiam) (citing *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992)).

And, even if Chambers had named Dallas County instead of the Commissioners Court, he has not alleged a claim for municipal liability.

A county "cannot be held liable under § 1983 unless 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Martinez v. Nueces Cnty.*, 71 F.4th 385, 389 (5th Cir. 2023) (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)). A plaintiff may proceed on a *Monell* claim only by

> identify[ing] "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up). Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part

of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

*Hutcheson v. Dall. Cnty.*, 994 F.3d 477, 482 (5th Cir. 2021); *see also Brown v. Tarrant Cnty.*, 985 F.3d 489, 497 & n.11 (5th Cir. 2021) (noting that where a plaintiff's claim fails as to one prong, a court "need not consider whether [his] claim also fails the other two *Monell* prongs" (citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010))).

Chambers alleges complaints specific to the acts of employees of Dallas County and a separate entity (Dallas Area Rapid Transit) but does not allege any facts relating to an official policy or custom of Dallas County. So allowing an opportunity to amend to name Dallas County rather than the Dallas County Commissioners Court would be futile.

So the claims against the Dallas County Commissioners Court should be dismissed.

II. <u>Claims against individuals should be dismissed whether brought against them in their official or individual capacities.</u>

Chambers states at the beginning of his complaint that he is suing "Dallas County officials acting as officials." Dkt. No. 3 at 6. But it is not clear based on the allegations whether the individual defendants are in fact sued in their official or individual capacities. "The performance of official duties creates two potential liabilities, individual-capacity liability for the person and official-capacity liability for the municipality." *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000).

So the standards applicable to pleading municipal liability apply to an official-

capacity claim. *See, e.g.*, *Byrum v. City of Mesquite*, 126 F. App'x 670, 671 (5th Cir. 2005) (per curiam) ("A governmental entity or municipality, as well as officers thereof acting in their official capacity, can be held liable under [42 U.S.C.] § 1983 only if official policy or custom caused the deprivation of a constitutional right." (citations omitted)). And, as discussed above, Chambers has not sufficiently pled municipal liability.

So any official capacity claims against the individual defendants should be dismissed.

And, with respect to any individual capacity claims against Cruezot and Parmally, a prosecutor sued in her individual capacity is entitled to absolute immunity "for actions 'initiating a prosecution and … presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" *Esteves v. Brock*, 106 F.3d 674 (5th Cir. 1997) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). Absolute immunity extends even to "[w]ilful or malicious prosecutorial misconduct … in the exercise of their advocatory function." *Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003) (citing *Imbler*, 424 U.S. at 430).

Although a prosecutor is entitled only to qualified immunity for certain administrative activities, *see Van de Camp v. Goldstein*, 555 U.S. 335, 343 (2009), no specific, plausible allegations in the complaint as to Cruezot or Parmally relate to any actions other than the initiation and prosecution of the State's case against Chambers.

So the claims against District Attorney Cruezot and Assistant District

Attorney Parmally should be dismissed to the extent they are brought against defendants in their individual capacities.

Similarly, as to claims against Judge White, "a judge generally has absolute immunity from suits for damages." *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)). "Judicial immunity is an immunity from suit, not just the ultimate assessment of damages." *Id.* (citing *Mireles*, 502 U.S. at 11 (citing, in turn, *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985))).

> There are only two circumstances under which judicial immunity may be overcome. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11 (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citations omitted). Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id.*

*Id.*

There is nothing in the complaint to support a claim that any of Judge White's interactions with Chambers were not in his judicial capacity or that there was an absence of jurisdiction.

So any individual-capacity claims against Judge White should be dismissed as barred by judicial immunity.

### Leave to Amend

As discussed above, any request for leave to amend would likely be futile. Even so, the time to file objections to this recommendation (further explained below) allows Chambers an opportunity to explain how he would cure the deficiencies identified above (that is, provide enough facts to plausibly allege any waiver of immunity and to allege all elements of each claim) and thus show the Court that this case should

not be dismissed at this time and that the Court should instead grant him leave to amend his claims. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, Fed. R. Civ. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

But, if Chambers fails to show that leave to amend should be granted, the Court should dismiss this case with prejudice.

### Recommendation

Unless Chambers shows that leave to amend should be granted, the Court should dismiss the complaint with prejudice under 28 U.S.C. § 1915A(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 18, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE